Milwaukee Trust Co. v. Farmers' M. F. Ins. Co. 115 Wis. 371.

the two dams, had brought his suit in equity to restrain a further overflow, is there any question but that he might have made both dam owners defendants? In that case the primary subject of his action would have been a prevention of the wrong which the conjoint acts of the defendants produced; one, perhaps, contributing in a greater or less degree than the other. Could one defendant be held to say that, but for the other's dam, there would be no overflow? Most certainly not. No more could he be heard to say that he was acting by himself, and that his act alone did not produce the injury. In the case at bar, how futile would be the suit against *Brown* and *Peacock,* if the other defendants might obstruct or withhold the water from the lake at pleasure. The plaintiffs were entitled to the natural flow of the river. The defendants *Brown* and *Peacock* were entitled to the natural flow, provided they did not unreasonably lower the artificial level of the lake. The other defendants had no right to obstruct or withhold such flow. The relations of the parties, so far as the ultimate purpose of the action is concerned, are so interdependent and closely connected that one action can best determine their rights, and one judgment protect their interests.

*By the Court.*—Order affirmed.

---

Milwaukee Trust Company, Trustee, Respondent, vs. Farmers' Mutual Fire Insurance Company of the Town of Waukesha, Appellant.

*September 23—October 21, 1902.*

*Fire insurance: Forfeitures: Town companies: Assessments: Notification: Death of assured.*

1. Where an insurance company has a right to arouse a forfeiture in its own favor upon certain conditions, especially if those

372 SUPREME COURT OF WISCONSIN. [Oct.

Milwaukee Trust Co. v. Farmers' M. F. Ins. Co. 115 Wis. 371.

conditions be imposed by statute, they must be accurately and technically observed.

2. Under a by-law of a town insurance company providing that any policy holder who fails to pay an assessment "for ninety days after notification thereof shall forfeit such policy," the notification to be given is that prescribed in sec. 1935, Stats. 1898. If, under that statute, publication of notice is a sufficient notification to call into effect the forfeiture, the notice published must inform the insured how much he is to pay as well as when he is to pay it. If both the publication and the notice by mail as provided in the statute are essential to constitute a notification such as is required by the by-law, they must contain all the matters required by the statute, including a statement of the amount of the loss for which the assessment was levied.

[3. Whether, after death of the assured, brought to the knowledge of the company, a notice by mail addressed to his last post-office address is sufficient; and whether the by-law above mentioned is self-executing or merely gives the company a right to declare a forfeiture when the specified conditions exist,— not determined.]

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

The defendant, being a mutual town insurance company, organized as such under the laws of Wisconsin, on October 30, 1896, insured certain buildings of one Elizabeth Adams for a term of five years from that date, certain of which, to the amount of $500 insurance, were destroyed on July 9, 1900. Elizabeth Adams died testate, resident in the town of Waukesha, in December, 1898, and her will was admitted to probate April 10, 1899, and the plaintiff, *Milwaukee Trust Company,* appointed her executor; and again, on February 26, 1901, its account as executor having been settled, it was appointed trustee under the terms of her will, and in one capacity or the other has had control of the real estate on which the buildings were situated since the time of its appointment. In September, 1899, the company made a general assessment of two per cent. on all policies, to pay losses already incurred, which losses had been paid by borrowing money from time to

time. The fact that an assessment had been made was pub-
lished as early as October 5th in one or two newspapers pub-
lished in the town of Waukesha, and about the 15th of Sep-
tember the secretary of the company mailed a postal-card
notice of such assessment to the former address of Elizabeth
Adams, in the town of Waukesha, at that time knowing that
she was dead. No other attempt at notification was made.
Some time in January the directors · of the company, upon
record showing the delinquency in payment of certain of these
assessments, directed the secretary to notify them that their
policies would be canceled unless payment was made by Feb-
ruary 1st. He sent such notice by postal card again addressed
to Mrs. Adams at her post-office address while living, and
about February 1, 1901, wrote across the record of the policy
on his books the words, "Canceled for nonpayment · of assess-
ments."

Upon proof of loss being made by the *Milwaukee Trust
Company,* liability was denied on the ground of the previous
lapse and cancellation of the policy, whereupon the plaintiff
tendered the amount of the delinquent assessment, with all
penalties thereon, but payment was still refused. The appli-
cation for the policy expressly embodied the by-laws of the
company in the contract, and amongst those by-laws is sec-
tion 12, in the following words: "Any one holding a policy
issued by this company who refuses or neglects to pay his just
assessment for ninety days after notification thereof shall for-
feit such policy." The policy contained the provision: "The
interest of the insured in this policy is not assignable unless
the assignee, before loss happens, shall give notice in writing
of the assignment, in pursuance of the by-laws of this com-
pany, and have the same indorsed on or annexed to the policy,
and give a new undertaking of the same form and amount as
the original."

The only defense upon the trial was the forfeiture of the
policy by reason of nonpayment of the assessment. The court

instructed a verdict for the plaintiff for the stipulated amount of $500, whereon judgment was entered, from which the defendant appeals.

For the appellant there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *E. Merton.* To the point that there was no sufficient declaration of forfeiture, they cited *Joliffe v. Madison Mut. Ins. Co.* 39 Wis. 111.

Dodge, J. The loss in this case having occurred during the term originally insured by the policy, no contention is, or successfully can be, made against the defendant's liability, unless such policy has become terminated in some manner. None is suggested, except forfeiture under the by-law quoted in the statement of facts, by reason of nonpayment of an assessment duly made and duly notified. Under the statutes regulating this kind of insurance companies, of course no duty rests on the assured to pay assessments until notified to him in the manner there specified, and no doubt can be entertained that the notification which is claimed to warrant forfeiture under the by-law is the same notification required to be given in the case of an assessment by the statute (sec. 1935, Stats. 1898). That provides:

"When such assessment shall have been completed, the secretary shall immediately insert a notice in one or more newspapers printed in the county or counties where such corporation is doing business, stating therein the time when such assessment was levied and the time when the same becomes due; such notice together with proof of the publication thereof shall be conclusive evidence of notice of such assessment to every member of the corporation;' the secretary shall also notify every such member, by letter or postal card sent to his usual post-office address, of the amount of such loss, and the sum due from him as his share thereof, and the time when and to whom payment thereof is to be made, which time shall

not be less than thirty nor more than sixty days from the date of such notice."

It is contended that a notice was duly published in two newspapers of Waukesha county, and that, proof of such publication having been given, the plaintiff is conclusively proved to have been notified, wholly independently of the question whether a notice was also sent by mail as required. Notice of an assessment, to be of any practical force or significance, must be sufficient to enable the assured to know how much he is to pay, and, if the by-law is to be so read in connection with this clause of the statute that the newspaper publication is to be deemed the notification upon which forfeiture is predicated, the word "notification" therein must have been so used as to contemplate the required information of the amount of the assessment, so that the assured may know not only when to remit, but how much. An examination of the only proof as to the contents of the publication discloses entire absence of any such information. The newspaper publication was not offered in evidence, but was proved orally, and contained no hint or suggestion as to whether the assessment was one per cent. or the three and one half per cent. permitted by statute. It merely announced that an assessment had been levied on the 15th day of September, due on the 15th day of November. Hence, if we should adopt the construction of the statute contended for by the defendant,—that the publication was a sufficient notification to call into effect the forfeiture denounced by the by-law,—we should feel constrained to construe that word "notification" as requiring elements of information not conveyed by the publication in question; otherwise both the by-law and the statute would be unreasonable.

Another construction of sec. 1935 suggested is that the word "notification," as used in the by-law, contemplated both publication of a notice containing merely the information that some assessment had been levied, with the date of levy and date of maturity, and also the notice by mail of the amount of

loss, and of the sum due from the assured individually. If this construction were adopted, however, it would not change the situation, in view of the uncontradicted evidence that no information was in fact brought home to the assured; for the postal-card notice mailed to the post-office address of the deceased was also lacking in one of the statutory requirements therefor, namely, specification of the loss for which the assessment was levied. Where an insurance company has the right to arouse a forfeiture in its own favor upon certain conditions, especially if those conditions be imposed by statute, they must be accurately and technically observed. It is not necessary for a court to declare or even ascertain the purpose to be subserved by any of those conditions. It suffices that the law has imposed them. Hence the perhaps technical requirement of the statute that the notice to be mailed shall contain this element of information must be complied with, if the company is to predicate thereon a forfeiture of the policy by reason of nonpayment. The by-law in question warrants forfeiture of the policy only upon failure to pay an assessment after notification. The record discloses affirmatively that there was no information in fact notified to the assured; that the publication failed to contain any fair notification of the assessment, by omitting information as to its amount; and that the mailed notice could not suffice to supply this defect, for the reason that it also lacked one of the elements required by the statute. Hence we must conclude that there is no proof of notification such as required by the by-law.

This view dispenses with the consideration of several other questions argued by counsel. The notice being insufficient in substance, we need not inquire whether the method of giving it satisfied the statute; nor whether, after the death of an assured, brought to the knowledge of the company, a notice by mail addressed to the last post-office address of the deceased is sufficient. Neither need we consider the debated question whether the by-law above referred to is self-executing, or

merely gives to the insurance company the right to forfeit and cancel the policy when the conditions therein specified exist. We therefore have not considered, and do not express any opinion on, these questions. For the defects above stated, we must hold that the conditions upon which this policy might become forfeit have not been shown to exist; hence that it was in full force at the time of the loss, and plaintiff entitled to recover thereon.

*By the Court.*—Judgment affirmed.

