FRED RUSSELL

*vs.*

OXFORD COUNTY PATRONS OF HUSBANDRY MUTUAL FIRE INSURANCE COMPANY.

Somerset.    Opinion December 12, 1910.

*Contracts. Right of Action. Insurance. Mutual Fire Insurance. Premium Note and Policy. By-Laws. Cancellation of Contract. Statute, 1868, chapter 194; 1895, chapter 18. Revised Statutes, chapter 49, sections 27, 30.*

One party to a bilateral contract cannot recover thereon against the other without proof that his mutual undertakings, which form a part of the contract, have been performed or waived.

The premium note given on a mutual fire insurance policy, though neither copied in full into the policy, nor written upon its margin, nor across its face, nor attached to it by slip or rider according to the statute relating to the form and use of the standard policy, forms a part of the contract of insurance under Revised Statutes, chapter 49, section 30, expressly providing that the policy and deposit note "are one contract," which statute, at least since the Revision of 1903, is in force equally with that relating to the form and use of the standard policy, being enacted by such Revision equally with the other provisions of chapter 49, relating to the standard policy.

That a mutual fire insurance company had a right of action against insured for an assessment would not relieve the insured of the necessity of performance of his part of the contract before he could sue thereon. A right of action to enforce performance is not an equivalent of performance.

A provision in the by-laws of a mutual fire insurance company, providing that if any member shall neglect or refuse for 60 days after notice of an assessment to pay it, he shall forfeit all claims upon the company for any loss thereafter occurring, is self-executing, and the cancellation of the contract by the company is unnecessary.

Though the by-laws of a mutual fire insurance company were not copied into the policy, nor written on its margin, nor across its face, nor upon a separate slip or rider attached thereto, yet where they were expressly referred to in the deposit note as an essential part of it, and the note was not only mentioned in the policy, but was a part of the contract of insurance by virtue of the express provisions of Revised Statutes, chapter 49, section 30, they formed a part of the contract of insurance, especially in so far as they related to assessment, and the effect of nonpayment thereof.

On report.    Judgment for defendant.

Assumpsit on a policy of fire insurance—Maine standard form—dated August 17, 1906, and issued by the defendant to the plaintiff insuring his farm buildings to the amount of $800, for five years. The property insured was totally destroyed by fire June 3, 1909. It was admitted that proof of loss was duly made and that the defendant company waived its right to a reference as provided by the policy.    Plea, the general issue with brief statement as follows : "And for a brief statement of special matter of defense to be used under the general issue pleaded the said defendant company further says, that long prior to the date of the fire which destroyed the plaintiff's buildings, as alleged in his writ and declaration, there had been a breach of the contract of insurance as expressed in the policy so declared on in said writ, in that the plaintiff had failed to pay to said company assessments made against him, whereby his policy had become void, and said policy was at the date of said fire, and had been for a long time prior thereto, void on account of the failure of said plaintiff to fulfill his part of said contract, and that said plaintiff had notice that his said policy was void long prior to the date of the said alleged fire which destroyed his buildings."

At the conclusion of the evidence, the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Butler & Butler*, for plaintiff.

*James S. Wright*, for defendant.

SITTING :    EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

KING, J.    This case is before the Law Court on report.    August 17, 1906, the defendant issued to the plaintiff its policy of fire insurance in the standard form insuring his farm buildings to the amount of $800 for a period of five years.    June 3, 1909, the property was destroyed by fire and this action is to recover the amount of the insurance.

The defendant is a domestic mutual fire insurance company and the policy in suit was issued in consideration that the plaintiff had deposited with the company his premium note for $40 as required by the following provisions of sec. 27, c. 49, R. S. :

" The insured, before receiving his policy, shall deposit his note for the sum determined by the directors which shall not be less than five per cent of the amount insured, and such part of it as the by-laws require, shall be immediately paid and indorsed thereon ; and the remainder in such installments, as the directors from time to time require for the payment of losses and other expenses, to be assessed on all who are members when such losses or expenses happen, in proportion to the amounts of their notes."

In his premium note the plaintiff promised to pay the defendant forty dollars "in such installments and at such time or times as the Directors of said Company may, agreeably to their By-laws and the laws of the State, require."

Two dollars were paid and indorsed on the note at the time.

Article 9 of the defendant's by-laws is as follows : "In case of loss by fire, and of an assessment upon the deposit notes of the Company, it shall be the duty of the Secretary to give written notice to each member of the Company of such assessment, and the amount assessed upon his or her deposit note. And if any member of said Company, shall neglect or refuse, for the space of sixty days after said notice is given, to pay the amount of such assessment, such member thereby forfeits all claims upon the Company for any loss that he may sustain thereafter by fire in the property insured."

It is admitted that a copy of the by-laws was received by the plaintiff in the same envelope with his policy.

Nov. 10, 1908, an assessment of $2.80 was made against the plaintiff's note and written notice thereof was mailed to the plaintiff, which he claims not to have received. But on Dec. 31, 1908, a "second notice" of the same assessment was mailed to him which he admits he received in due course of mail. In that notice he was informed of the amount of the assessment, that it was "due and payable" that the "Time expires January 10, 1909," and that "Failure to pay this assessment suspends your policy." On Feb. 15, 1909,

the secretary of defendant sent to plaintiff by mail a letter, in which it was stated that two notices of an assessment of $2.80 on his premium note had been sent to him, that his policy had become void on account of his failure to pay the assessment, but that if the assessment was then paid the policy would be reinstated, and requesting his prompt attention "as your buildings are at your own risk till this assessment is paid." This letter was sent in an envelope on which was printed a request that it be returned if not called for in five days, and it was not returned, but the plaintiff claims he did not receive it. The assessment was not paid, and, as above noted, the loss did not occur till June 3, 1909. The foregoing states in substance the evidence presented. The only defense raised here is that the plaintiff"s failure to pay the assessment of Nov. 10, 1908 is a bar to this action.

It is an elementary principle that one party to a bilateral contract cannot recover thereon against the other without proof that his mutual undertakings which form a part of the contract have been performed or waived. This principle is disputed nowhere ; but there has been much difficulty found in some cases in ascertaining whether the covenants or promises of the parties were dependent and mutual or independent and collateral. In this case we are relieved of all difficulty in this regard, for it is expressly provided by statute (sec. 30, c. 49) that a policy of insurance, issued by a life, fire or marine insurance company, domestic or foreign, "and a deposit note given therefor, are one contract." The language of the original act, chap. 194, Laws of 1868, was that "the policy and note shall be treated as parts of the same contract." Previous to that enactment it had been held that the policy and note "were independent contracts." *N. E. M. Fire Ins. Co.* v. *Butler*, 34 Maine, 451. Hence, the manifest reason for the enactment was to supersede that decision by a statutory provision that thereafter the agreements of the parties, as contained in the policy on the one side, and the premium note on the other, should be treated as mutual and dependent undertakings constituting but one contract.

But the plaintiff contends that it would be a violation of the statute relating to the form and use of the standard policy to regard

the terms of the premium note as a part of the insurance contract since the note in full is neither copied into the policy, nor written upon its margin or across its face or attached to it by a slip or rider according to the requirements of that statute. A sufficient answer to this contention is, that under the express provision of sec. 30, c. 49, the policy and deposit note "are one contract," and effect must be given to this provision of the statute if it was in force at the time the contract was made. If it may have been a debatable question whether this provision (which is now sec. 30, c. 49) declaring that a policy and a deposit note are one contract was so far inconsistent with the provisions of the statute of 1895, establishing and requiring the use of a standard form of insurance policy, as to be repealed thereby, that question was entirely eliminated by the revision of the statutes in 1903 whereby sec. 30 was enacted equally with the other provisions of c. 49, relating to the form and use of the standard policy. The contract of insurance here in suit was made Aug. 17, 1906. By the express provisions of statute the plaintiff's premium note and the defendant's policy of insurance formed one contract. The promises and undertakings of the parties were mutual and dependent. The defendant's promise to indemnify the plaintiff for loss was dependent upon his promise specified in his note to pay the defendant the premium in such installments as its directors should require agreeably to its by-laws and the laws of the State. The plaintiff brings this action upon that contract. It is incumbent upon him to establish the fact that his undertakings under that contract had been performed or waived. This he has failed to do. The evidence clearly establishes that the directors of the defendant company made an assessment upon the plaintiff's premium note in accordance with the by-laws of the company and the laws of the State; that the plaintiff was properly and seasonably notified thereof and required to pay it, which he neglected and refused to do.

There is no sufficient evidence that the defendant waived the performance by the plaintiff of his undertakings under the contract, on the other hand it insisted upon it, and notified him that his failure to pay the assessment "suspends your policy."

Neither can the fact that the defendant had a right of action against the plaintiff for the assessment relieve him of the necessity of performance of his part of the mutual contract before he can maintain an action upon that contract.    A right of action to enforce performance is not an equivalent of performance.

It is further suggested by the plaintiff that the defendant had not cancelled the policy in accordance with the terms thereof providing for cancellation.    This suggestion does not, we think, reach the defect in the plaintiff's case—which is his failure to perform his part of the contract.    But it was unnecessary for the defendant to prove that it had cancelled the contract.    According to the express provisions of the by-laws of the defendant company (quoted above) the plaintiff's neglect and refusal to pay the assessment for the space of sixty days after notice thereof worked a forfeiture of any claim he might otherwise have against the company for any loss thereafter sustained.    This provision for forfeiture was self executing.    *Gifford* v. *Benefit Association*, 105 Maine, page 20.    After the second notice of the assessment was given, which the plaintiff admits he received, more than 60 days elapsed before the loss occurred.

The plaintiff claims, however, that the by-laws were not a part of the contract of insurance.    We think they were.    True, they were not copied into the policy, nor written on its margin or across its face or upon a separate slip or rider attached thereto, and for this reason it may be said that they were not a part of the *policy*, but they were expressly referred to in the deposit note as an essential part of it, and that note was not only mentioned in the policy, but it was a part of the contract of insurance by virtue of an express provision of statute.    In ascertaining the mutual and dependent agreements of the contract of insurance between the plaintiff and this defendant—a mutual domestic fire insurance company—of which he was a member, and to which he had given a deposit note under the requirements of the statute, promising therein to pay the premium for his insurance at such times and in such assessment as the directors should require "agreeably to their By-laws, and the laws of the state," the provisions of those by-laws, especially so far as they

relate to assessments and the effect of nonpayment thereof, are to be regarded as a part of the contract of insurance.

For the reasons above stated it is the opinion of the court that the plaintiff is not entitled to recover in this action.

*Judgment for defendant.*