BREAKSTONE, Respondent, vs. APPLETON MUTUAL FIRE INSURANCE COMPANY, Appellant.

*April 3—April 23, 1912.*

*Fire insurance: Mutual companies: Amendment of statute: Effect on policies: Assessments: Notice: Publication: Insufficient notice: Default in payment: Forfeiture.*

1. A statute regulating assessments by mutual fire insurance companies, in force at the date of a policy, becomes a part thereof even though when the company was organized the statute was different and the then existing statute was embodied in the articles of organization and is indorsed upon the policy; and wherever the law and the language of the policy differ the law is paramount.
2. In sec. 1941—9, Stats. (Laws of 1909, ch. 459), the provision that a mutual fire insurance company, upon completing an assess-

ment, shall cause to be published a notice stating the time when such assessment was levied and the time when the same becomes due, and that "such notice, together with proof of the publication thereof, shall be conclusive evidence of notice of such assessment," deals with the subject of proof, not with the assessment itself; and the particular method of proof therein referred to was not intended to be exclusive.

3. If an assessment has been duly made and the notice thereof prescribed in said sec. 1941—9 has been duly given to a policyholder by mail, a default in payment will be followed by suspension of his policy as provided in said section, regardless of the requirement for publication of notice.

4. The notice of assessment given to a policy-holder by mail under said sec. 1941—9 is insufficient unless, in compliance with that section, it states among other things the amount of the assessment; and nonpayment by a policy-holder receiving only such an insufficient notice does not work a suspension or forfeiture.

APPEAL from a judgment of the circuit court for Forest county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover on an insurance policy. The cause was tried by the court. The facts found, or otherwise appearing, are as follows: A policy of insurance was, in due form, issued by defendant on plaintiff's property, as alleged in the complaint. Within the life of such policy, unless it sooner lapsed for failure to pay an assessment as hereafter mentioned, the property was destroyed by fire. Defendant is organized under secs. 1941—1 to 1941—13, inclusive, of the Statutes of Wisconsin, and acts amendatory thereof. In due form, as required by sec. 1941—9, as amended (Laws of 1909, ch. 459), an assessment was made as to all policies of the class to which the one in question belonged. The amount as to the particular policy was $4.50. No notice of the assessment was published but within thirty days after the making thereof a notice, dated at Appleton, April 6, 1910, was mailed to, and in due course received by, plaintiff, which specified as follows: Losses amounting to $2,091.16 have accrued since January 1, 1910. The company has not sufficient funds to pay the same. It has become necessary to make an assessment because of such de-

ficiency. The board of directors have made an assessment of sixty per cent. of the premium charged, with two per cent. additional for collection, on all policy-holders who were members of our company when our last loss occurred. The assessment is due on or before May 6, 1910. Your amount is indicated by a bill below. Make all checks payable to the order of the company. This notice was sent by the secretary of the company in its name. When defendant was organized sec. 1941—9 aforesaid, required every such company, by its secretary, in case of completing an assessment, to "immediately cause to be published for three successive weeks in such weekly newspaper, printed within the city or village, if any, in which the office of such company is located, otherwise in such newspaper printed within the county as the board of directors may designate, a notice stating the time when such assessment was levied and the time when the same becomes due; said notice, together with proof of the publication thereof, shall be conclusive evidence of notice of such assessment; and within five days after the levying of such assessment the secretary shall notify every member by letter or postal card, sent to his usual postoffice address, of the amount of such assessment, and the sum due from him as his share thereof, and the time within which and to whom payment is to be made, which time shall not be less than sixty days nor more than ninety days from the date of such notice as the board of directors may, at the time of making such assessment, have determined;" and provided that, "if the assured neglect to make payment of any assessment within the time specified in the notice sent him, his policy shall be null and void until such assessment is paid, and also his *pro rata* share of all other assessments which may be levied during the suspension of the policy on account of the nonpayment of a previous assessment;" and that "an action at law may be brought against any member of such corporation who shall refuse or neglect to pay any assessment made upon his insured property."

Such provisions of law were embodied in the articles of organization of defendant. By ch. 459, Laws of 1909, which was in force when the policy in question was issued, the time for mailing notice of an assessment was changed to "within thirty days after the levying" thereof, and the time for payment to "not less than thirty nor more than sixty days from the date of such notice." Defendant attempted to comply with the amended statute. Plaintiff failed to pay her assessment within the time specified in the notice. After expiration thereof the property burned. Thereafter plaintiff handed to a solicitor for defendant a check for such assessment. He had no right to receive the same. In due course, it was returned to plaintiff with notice that the policy was not in force when the fire occurred and, therefore, the defendant could not accept payment of the assessment. The amount due, if anything, on the policy is $1,000.

The questions of law were thus closed: There was no waiver of the default. The notice of assessment did not comply with the statute. Failure to publish notice of the assessment rendered it invalid as to plaintiff. She is entitled to judgment for the amount due on the policy with interest and costs.

For the appellant the cause was submitted on the brief of *John Bottensek.*

*Paul J. Winter,* for the respondent.

MARSHALL, J. As indicated in the statement, the statute in force at the date of the policy became a part of it, regardless of the condition when appellant was organized and that the then existing statute was embodied in its articles of organization and indorsed upon such policy. In whatsoever respect the law and language of the policy differ, the former is paramount. The feature of the statute, as its terms plainly indicate, as to publishing notice of an assessment and proof thereof being "conclusive evidence of notice of such assessment" deals only with the subject of proof,—not with the assessment itself. It will be noted that duty to publish depends

upon completion of the assessment, and the words "shall be conclusive evidence" by reasonable, if not necessary inference, suggest that the particular method of proof was not intended to be exclusive. By the terms of the statute, upon an assessment being completed, the duty to call in the proceeds arises, to be performed in due course, independently of the duty to publish.

By unmistakable language, it is provided that,—an assessment having been levied and notice within thirty days thereof given to a policy-holder by letter or postal card, stating the amount of the assessment, the sum due from such policy-holder as his share thereof, and the time within which and to whom payment is to be made, such time to be not less than thirty nor more than sixty days from the date of such notice as the board of directors may, at the time of making the assessment, have determined,—payment must be made within such time or the policy will be in suspension during the period of delinquency. So the forfeiture clause depends for vitality upon the making of the assessment, notice thereof by mail to policy-holders, as indicated, and a default, regardless of the requirement for publication of notice.

Now there being no question but that the assessment was made, that notice thereof was sent to respondent within the time required by law and received, in due course, and that there was a failure to pay in time, such failure suspended the policy, if the notice complied with the statute. If it did not, time for payment of the assessment had not commenced to run against respondent at the time of the fire. As stated in *Milwaukee T. Co. v. Farmers' Mut. F. Ins. Co.* 115 Wis. 371, 91 N. W. 967, it matters not that, though some particular fact required to be stated in the notice was omitted, respondent was not prejudiced thereby. The law made operation of the forfeiture clause dependable upon notice of a particular character. Therefore, if any fact required to be stated was omitted from the notice, there was no default.

It seems that one of the essentials of an efficient notice is a

statement of the amount of the assessment. Not the amount of losses to be provided for, nor the rate of assessment; but the gross amount levied upon the particular class of policies subject to assessment. We are unable to find anything of that sort in the notice in question. It states the amount of losses to be paid and insufficiency of funds therefor, rendering the making of an assessment necessary; thus clearly indicating that the amount of the assessment was different from the amount of losses waiting for payment. The specified per cent. of assessment "upon the premium charged" merely referred to the rate of assessment. That did not indicate the amount of the assessment nor furnish means for determining it by computation. So there does not seem to be any escape from the conclusion that a very significant feature of an efficient notice to start time running for payment of the assessment was wholly omitted, rendering the notice insufficient as the trial court held.

*By the Court.*—Judgment affirmed.