STUTZMAN, Respondent, vs. CICERO MUTUAL FIRE INSUR-
ANCE COMPANY, Appellant.

*May 16—June 4, 1912.*

*Fire insurance: Mutual companies: Assessments: Default in pay-
ment: Unliquidated demand against company: Suspension of
policy: Tender of assessment after loss: Waiver: Proofs of
loss.*

1. An unliquidated and disputed claim by a policy-holder against
   an insurance company does not justify refusal to pay an as-
   sessment, nor relieve him from the penalty of default.
2. A provision in the by-laws of a mutual fire insurance company
   that no person shall receive any benefit or advantage from the
   company under or by virtue of a policy until all assessments
   are fully paid, is a valid condition, is self-executing, and re-
   quires no affirmative action on the part of the company to
   make it effective.
3. The words "any benefit" in such by-law include protection against
   loss or damage by fire.
4. Where a loss occurs during the suspension of the policy by rea-
   son of nonpayment of an assessment, subsequent payment or
   tender thereof cannot relate back so as to remove the sus-
   pension and default.
5. A demand by the insurer for the payment of an assessment in
   default is not a waiver of the suspension of the policy.
6. Service of proofs of loss by the insured without any request by
   the insurer, and the retention thereof by the latter, do not
   constitute a waiver of such suspension.

APPEAL from a judgment of the municipal court of Outa-
gamie county: THOMAS H. RYAN, Judge. *Reversed.*

This action was brought to recover upon a mutual fire in-
surance policy. The company does business in Outagamie
county. The policy insured against loss by fire on certain
property described therein for a period of five years and was
issued in March, 1907. During the fall of 1908 members
of the company sustained losses which were adjusted, and
the company, having no funds with which to pay the claims,
levied an assessment on the members, and the members, in-

cluding the plaintiff, were notified thereof, also the time when the same would become payable and the place of payment. The assessment was payable April 1, 1909, and the plaintiff's share thereof $10.46, which he never paid, although notified to do so. About two years after this assessment and while plaintiff was in default part of his property was destroyed by fire. He then offered to pay the assessment, which tender was refused. Plaintiff deposited in court $10.46.

Plaintiff claims to have sustained a slight loss by reason of lightning striking his barn, which occurred during the time that a former policy issued by the defendant was in force and four or five years before the assessment in question was made and six or seven years before the loss for which this action was brought. The by-laws of the defendant company, which are made part of the policy and printed upon it as the conditions upon which it is issued, contain the following:

"Sec. 9. If any member of this company shall neglect or refuse to pay his *pro rata* share of any assessment made by said company within sixty days after the same shall be demanded by the company or its agent, the board of directors may annul the policy of the member thus in default, and collect such assessment as provided by law."

"Sec. 15. No person shall receive any benefit or advantage from this company under or by virtue of his policy until all assessments against him or his property are fully paid."

The only question submitted to the jury was the amount of loss. The court directed a verdict for the plaintiff for the amount of loss found by the jury, $1,550. Judgment was rendered accordingly, from which this appeal was taken.

For the appellant there was a brief by *A. H. Krugmeier* and *Cady, Strehlow & Jaseph,* and oral argument by *Mr. Samuel H. Cady* and *Mr. Krugmeier.*

*Francis S. Bradford,* for the respondent.

KERWIN, J. 1. As a justification for not paying the assessment against the respondent, he claims that he had an unliquidated claim against the appellant for alleged loss sus-

tained several years before by lightning. The claim was denied by the appellant, and under the evidence, if any such claim ever existed, it was trifling in amount, permitted to slumber without action, and was not considered by him after the fire for which he seeks damages in this action, because he tendered the full amount of the assessment against him which remained unpaid at the time of the fire for which he seeks to recover damages in this action. But in any event the existence of such an unliquidated and disputed claim would afford no justification for refusal to pay the assessment under the policy, or relieve the respondent from the penalty of failure to pay during suspension. 2 Joyce, Ins. § 1237; *Mutual L. Ins. Co. v. Girard L. I., A. & T. Co.* 100 Pa. St. 172.

2. Sec. 15 of the by-laws, set out in the statement of facts, providing that no person shall receive any benefit or advantage from the company under or by virtue of the policy until all assessments are fully paid, is a valid condition. *Break-stone v. Appleton Mut. F. Ins. Co.* 149 Wis. 303, 135 N. W. 853; *Joliffe v. Madison Mut. Ins. Co.* 39 Wis. 111; *Farmers' Mut. Ins. Co. v. Kinney,* 64 Neb. 808, 90 N. W. 926; *Gorton v. Dodge Co. Mut. Ins. Co.* 39 Wis. 121.

The suspension clause in the policy was self-executing. No affirmative action on the part of the appellant was necessary. *Iowa L. Ins. Co. v. Lewis,* 187 U. S. 335, 23 Sup. Ct. 126; *Klein v. Insurance Co.* 104 U. S. 88; *Betcher v. Capital F. Ins. Co.* 78 Minn. 240, 80 N. W. 971; *Hollister v. Quincy Mut. F. Ins. Co.* 118 Mass. 478; *Russell v. Oxford Co. P. of H. Mut. F. Ins. Co.* (Me.) 78 Atl. 459. The foregoing cases clearly demonstrate that appellant is not entitled to recover for a loss occurring during suspension.

In *Hollister v. Quincy Mut. F. Ins. Co., supra,* the by-law was as follows:

"If the insured shall neglect for the space of ten days, when personally called on, or after notice in writing has been left at his last and usual place of abode or business, to pay any assessment, the risk of the company on the policy shall be suspended

until the same is paid, and if the insured shall refuse to pay any assessment, . . . the directors may terminate the same by giving notice thereof in writing. . . ."

It was held that, the plaintiff not having paid the assessment of which he had notice, no further act of the company was necessary, and a loss having occurred under his policy during the default he could not recover. The court held that cancellation was not necessary; that the risk on the policy was suspended by failure of the plaintiff to pay the assessment within the time specified.

The right of respondent to recover in the present action does not turn, as seems to be assumed by counsel for respondent, upon the fact of cancellation of the policy, but upon suspension of benefits during default. Whether the policy was canceled or not, respondent cannot recover during the suspension period. It is established without dispute that respondent failed to pay the assessment within the time required, or at any time before loss.

3. The respondent insists that paying or tendering payment of the amount of the assessment after the loss operated to reinvest respondent as of his rights under the policy before default and suspension. In other words, the claim of respondent is that when tender of payment was made after the loss on which suit is brought, and kept good, the suspension and default were removed and a right of action accrued to recover for the loss by force of the tender. Such a construction of the policy would defeat the wholesome provision respecting suspension during default of payment. The law is well settled against the respondent's contention. *Breakstone v. Appleton Mut. F. Ins. Co.* 149 Wis. 303, 135 N. W. 853; *Hill v. Farmers' Mut. F. Ins. Co.* 129 Mich. 141, 88 N. W. 392; 2 Joyce, Ins. § 1209; *Continental Ins. Co. v. Dorman,* 125 Ind. 189, 25 N. E. 213.

Obviously the provision for suspension during default is put in policies to insure prompt payment of assessments. If

the respondent could remain in default, make no payment, until a loss had occurred and then pay his assessment and recover the loss, there would be little inducement to pay assessments.

The respondent's counsel further argues that the provision precluding benefits during suspension does not suspend the right to recover for loss, but has reference to other benefits or advantages. The provision in sec. 15 seems plain and unambiguous. It precludes any benefit or advantage under or by virtue of the policy until all assessments are paid. Surely the most important benefit or advantage to be derived from the policy is the protection against loss or damage by fire and the right to damages in case of loss. Therefore such benefit or advantage is necessarily covered by sec. 15 referred to.

4. It is further contended by respondent that the appellant waived suspension by sending a postal card and a letter after suspension demanding payment of the assessment. These letters recognized the right of the respondent to pay before the policy was canceled, as might be done, but they by no means waived or purported to waive the suspension of any rights which had accrued or might accrue under the suspension.

It may be true that cancellation in some cases requires affirmative action, though that question is not necessary to decide here. But the suspension clause is self-executing and requires no affirmative action. Suspension operates only during default of payment of assessment. There is no evidence of waiver or estoppel on the question of suspension.

5. It appears that respondent made certain proofs of loss and left them with appellant's secretary. It does not appear that such proofs were prepared or served because of any request from appellant. But on the contrary it appears that the secretary of appellant, when the proofs were left with him, denied liability. There was no waiver of suspension because of service and retention of proofs of loss.

At the close of the evidence the appellant moved for a di-

rected verdict, which motion was denied and due exception taken. We are convinced after a careful examination of the record that the motion should have been granted.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to enter judgment for defendant dismissing the complaint.