COTTER, Respondent, vs. CENTRAL MUTUAL HAIL AND CYCLONE INSURANCE COMPANY, Appellant.

*December 3, 1929—January 7, 1930.*

For the appellant there was a brief by *Keller, Keller & O'Leary* of Appleton, and oral argument by *L. Hugo Keller. Vincent F. McNamara* of Montello, for the respondent.

FOWLER, J.   The defendant claims that the company is not liable for the loss because the policy was by its terms suspended by the plaintiff's failure to pay the 1927 assessment and no loss was payable during her default.   *A priori,* this contention should be sustained.   The plaintiff makes two claims in avoidance of it: (1) That the defendant is a town mutual insurance company; and if not, that it is estopped from claiming to the contrary by reason of its quotation of sec. 202.11 (3), applicable to such companies, in its notices of assessments; and that suspension of the plaintiff did not result from nonpayment of the assessment because it did

not incorporate in the notice the amount of the losses to cover which the assessment was made and did not publish in a newspaper the fact of the assessment as required by the statute governing such companies. (2) That the adjustment found by the jury fixed the liability of the defendant.

Had the defendant been a town mutual company, the notices of the assessment would have been insufficient and suspension of the policy avoided, under the rule of *Milwaukee Trust Co. v. Farmers' M. F. Ins. Co.* 115 Wis. 371, 91 N. W. 967. But the defendant is not a town mutual company, and we do not consider that incorporating the statutory provision applicable to such companies in its notices of assessment estops it from so contending. The plaintiff was not prejudiced thereby or induced thereby to take any action to her disadvantage. The only deviation of the statement in the notice given from the requirements of the notice as stated in the by-law is that the time for payment was fixed at November 1st instead of October 20th, which was to the advantage of plaintiff, and that the penalty for delay was stated to be two per cent. a week instead of ten per cent. of the assessment, which was a vain and futile divergence. It could not harm the plaintiff, because the excess penalty could not be recovered.

Had the plaintiff been subjected to loss, trouble, or inconvenience by the making of the adjustment she might have been entitled to recover under the rule of *Webster v. Phœnix Ins. Co.* 36 Wis. 67, and like cases. But those cases go upon the proposition that the company might, if it saw fit, waive forfeiture of the policy and under the terms of the policy require the policyholder to submit proofs of loss and go to expense and trouble, and having done this, it was estopped from thereafter claiming forfeiture. The defendant being a mutual assessment company, it is doubtful if it would have the right to waive the suspension and

the provision that no loss was payable while a policyholder was in default. Other policyholders might well be held to have right to insist on adherence by the company to this rule, as it is a part of their contracts and divergence from it would increase their assessments. But we need not consider this point, as the evidence does not bring plaintiff within the rule of the cases relied upon.

We conclude that the judgment should be reversed, with directions to dismiss the complaint.

*By the Court.*—It is so ordered.