SAFFORD, SUPT. OF INS., *v.* THE CLEVELAND ACCIDENT
INS. CO. ET AL.

(Decided June 18, 1930.)

*Mr. Gilbert Bettman,* attorney general, and *Mr.
Raymond S. Powers,* for plaintiff.

*Mr. Wilbur E. Benoy* and *Messrs. Griswold,
Greene, Palmer & Hadden,* for defendant Florence
M. Gifford.

HORNBECK, J. This case comes to our consideration on the cross-petition of defendant Florence M. Gifford, who seeks to require the payment of a class A benefit certificate held by George F. Egert, of which she is the beneficiary, issued by a predecessor association of the defendant Cleveland Accident Insurance Company.

The death benefits provided in said certificate under section 1 (a) of the constitution and by-laws of the company are: "Upon the death of a member in good standing, an amount equal to $2.00 for each member of class A then in good standing, in no event to exceed $2,000.00; payment to be made within four months of receipt of proof of death; provided, however, that from said total sum there shall be deducted an amount equal to the aggregate of maturing age benefits which have at any time been paid to such member."

George F. Egert died January 19, 1928. Special assessment No. 6 had been declared prior to December, 1927, and the due date fixed as December 5, 1927. The 30 days of grace for payment of same expired January 5, 1928. The secretary of the company testified that notice of this special assessment had been mailed to the insured in the regular course of business prior to December 5th, and that a second notice was mailed after January 5, 1928. The amount due on special assessment No. 6 had not been paid by the insured at the time of his death. It appears that the insured had been in ill health for about two years prior to his death; that he was suffering from arterio-sclerosis; that he had little or no capacity to transact business during the last sev-

eral months of his life, and that he died suddenly in the bathroom of his home.

Mr. Egert had been a member of the defendant association for many years, and, with the exception of the last assessment, had paid all regular and special assessments when due.

It is claimed by the plaintiff, superintendent of insurance, that by the terms of the certificate which Mr. Egert held, and the constitution and by-laws of the defendant association, he was at the time of his decease in default for payment of special assessment No. 6; that such failure to pay automatically forfeited all of his rights under the policy on and after January 5, 1928, the time when his 30 days of grace expired.

It is the claim of the cross-petitioner that special assessment No. 6 was not legally and regularly assessed; that the defendant association, through its officers, by sending the second notice of the amount due on special assessment No. 6, subsequent to January 5, 1928, extended the days of grace at least 30 days after January 5, 1928, and that it was the custom of the association to accept payments from certificate holders subsequent to the 30 days following the due date of assessments.

Unless it appears that the association by some act of its officers has waived the express provisions of the contract, *i. e.,* the certificate between the insurer and the insured, we must be guided in our determination by the language of the contract.

The insured at the time he made his application for certificate of membership agreed to be bound by the constitution and by-laws of the association. The application for insurance, constitution, and by-laws

of the association became a part of, and were written into, his certificate of insurance. Among other things, he agreed to pay all assessments as provided in the constitution and by-laws. Section 5 of said constitution and by-laws provides: "Any Class A * * * member who fails to pay his assessment or any of them within thirty days after they are payable, shall forfeit all benefits as a member of the association and shall thereafter not be in good standing."

It is our judgment that this is a self-executing provision and that a failure of the insured to pay an assessment regularly provided for forfeits all the benefits of a member in said association, unless there has been some waiver of its provision.

We do not believe the proof sustains the claim of the cross-petitioner that in this case there has been a waiver by the company, or conduct on its part constituting estoppel. There is no showing that it was the practice of the company to accept payment from members for assessments due on their certificates after the 30 days of grace if such members were not in good health at the time of payment. Nor is there any attempt to show that the insured had any knowledge of the practice of the company to accept such payments under any condition after a certificate holder was in default.

But it is claimed that the fact that the insured was in ill health at the time of receiving the notice of special assessment No. 6, prior to January 5, 1928, and unable to transact business, creates a condition which excuses nonpayment of the assessment. It may be doubtful if this would be true under any condition, but because of the circumstances in this case

it obviously cannot apply. The insured, according to the testimony of his physician, had been ill for two years, and for many months had been in substantially the same state of mind as at the time of his death. So that it is apparent that somebody, either by his arrangement or independently, had taken over the obligation of attending to the payments of assessments levied under his certificate.

Cases are cited in accident insurance policies wherein the insured was not required to give notice of his injury within the time fixed by the policy. In these cases the condition which created the liability of the company had attached, viz., an injury insured against, and it was this condition which made impossible the secondary provision for notice.

It is also claimed by the cross-petitioner that special assessment No. 6 was illegally made. The testimony of the officers is to the effect that it was made by the directors at a regular session by virtue of the constitution and by-laws, and there is no testimony which refutes the proof of the regularity of the assessment. It is further asserted that the sending of the second notice on January 7, 1928, indicating default in payment of assessment due January 5, 1928, was a waiver of the 30 days of grace provision. This notice must be presumed to have been sent under the rules of the association, which, according to the testimony of the secretary, require that, if payment is tendered by the insured after the 30 days of grace, it must be made to appear that the insured was in good health at that time. In the absence of further showing, then, there is in the mere mailing of the second notice an insufficiency of proof of waiver. *Becker* v. *Exchange Mutual Fire Ins. Co.,*

(C. C.), 165 F., 816; *Mercer* v. *Southern Atlantic Life Ins. Co.,* 111 Va., 699, 69 S. E., 961; *Stutzman* v. *Cicero Mutual Fire Ins. Co.,* 150 Wis., 254, 136 N. W., 604.

The insured, of course, is charged with knowledge of the conditions under which his certificate was issued. It is altogether probable that he had actual knowledge of the terms controlling the requirement of payment of assessments. It seems probable under all of the evidence that there was a purpose to abandon the payments necessary to maintain the certificate of the insured in good standing.

Being of the opinion that there is insufficient proof to establish the claim that there has been any action on the part of the association which requires this court to set aside the express provisions of the certificate which the insured held, the prayer of the cross-petition must be denied.

*Decree accordingly.*

KUNKLE, P. J., and ALLREAD, J., concur.