EINERSON, Respondent, vs. WISCONSIN TORNADO MUTUAL INSURANCE COMPANY, Appellant.

*February 8—March 8, 1932.*

` The cause was submitted for the appellant on the brief of *Nolan, Dougherty, Grubb & Ryan* of Janesville, and for the respondent on that of *McDaniel & Olson* of Darlington.

FRITZ, J. There is no dispute as to the facts. So far as material to the point which is decisive on this appeal, they are as follows: Appellant is a mutual wind-storm insurance company incorporated under ch. 89, Wisconsin Statutes of 1898. On June 3, 1925, respondent paid to appellant the required policy fee and an advance premium, whereupon he became a member of the company, and it issued to him its certificate or policy of insurance against loss by wind-storm, covering his dwelling house and contents for the term of five years. Sec. 7 of the by-laws, which were a part of the contract, authorized the board of directors to make assessments for the purpose of paying losses or expenses, and in that connection provided that "when the board of directors shall determine to make an *assessment* for the purpose of paying losses or expenses, such board *shall determine the amount thereof,* and it shall be the duty of the secretary to make an assessment roll and insert therein the amount assessed against each member, the same to be in proportion to the amount of the respective. insurance of all

the members of the association, and such secretary shall thereupon notify each member of the *amount of such assessment."* In October, 1928, the board of directors attempted to levy an assessment by adopting a motion which was as follows: "that an assessment of one mill on the dollar be levied on all policies in force August 20, 1928." No action was ever taken by the directors to determine the actual amount of that attempted assessment. Thereafter respondent received two notices by mail from appellant's secretary, in which it was stated that the directors had "levied an assessment of one mill on the dollar," with a further statement as to the amount to be paid by respondent as his assessment on his policy. A third notice to the same effect, and the further statement that respondent's insurance was suspended, was duly deposited in the mail for registry on March 22, 1929, but, because of delay in the postoffice, respondent did not receive it until five days after the destruction of the insured's property by a wind-storm on April 6, 1929. None of the notices indicated that the directors had determined the gross amount of an assessment, and they furnished no data for computing such an amount.

Under the pleadings and appellant's contentions on the trial and on this appeal, the principal issue is the validity of the proposed assessment, which the board of directors attempted to make by the motion adopted on October 1, 1928, and the legal efficacy of the notices. If the directors' action did not result in a lawful assessment, then there was no basis for the subsequent demand on respondent for an additional payment, and the attempted suspension of his insurance, because of his failure to comply with such demands. The trial court found that the appellant did not levy a lawful assessment. We reach the same conclusion in view of the decision in *Breakstone v. Appleton Mut. Fire Ins. Co.* 149 Wis. 303, 135 N. W. 853.

Appellant was organized under ch. 89, Wisconsin Statutes of 1898 (secs. 1966—2 to 1966—12, inclusive). By par. 2 of sec. 1941*g,* enacted as part of sec. 1 of ch. 460, Laws of 1909, the statutes under which the appellant was organized were repealed, with the saving clause that the sections so repealed should be considered as a part of the by-laws of the corporations theretofore organized and then doing business under said statutes. Among the statutes, which although thus repealed were by the same enactment made a part of the by-laws of the existing corporations, was sec. 1966—5, which was in part as follows:

"Its by-laws shall provide . . . the time and manner in which assessments shall be made upon its members, and the time, manner and place in which and the person to whom such assessments shall be paid; . . . and the by-laws in force at the time of the date of any policy issued by the corporation shall have the force and effect of law in the determination of all questions and claims arising under such policy."

By virtue of those statutory provisions, the provisions above quoted from sec. 7 of appellant's by-laws have the force and effect of law in the determination of all questions and claims arising under policies issued by appellant. Consequently, when, in connection with the provision in sec. 7, authorizing the board of directors to make an assessment, that by-law prescribed that "such board shall determine the amount thereof," and also that the "secretary shall thereupon notify each member of the amount of such assessment," the prescribed requirements had the force and effect of law. In that respect they were as significant and effective as sec. 1941—9, Stats. 1898, which was construed and applied in *Breakstone v. Appleton Mut. Fire Ins. Co., supra.* Sec. 1941—9, Stats. 1898, so far as material, provided:

"Whenever such assessment shall have been completed, the secretary shall immediately . . . notify every member

by letter or postal card, sent to his usual postoffice address, of the amount of such assessment, and the sum due from him as his share thereof, and the time within which and to whom payment is to be made, which time shall not be less than sixty nor more than ninety days from the date of such notice."

Instead of specifying "the amount of such assessment" in the notices which were sent policy-holders, in the *Breakstone Case,* there were statements as to the amount of the losses, the amount payable by the plaintiff, and that "the board of directors have made an assessment of sixty per cent. of the premium charged, with two per cent. additional for collection, on all policy-holders who were members of our company when our last loss occurred." It was held that the notice was ineffective because of the omission to state the gross amount of the assessment. This court said:

"It seems that one of the essentials of an efficient notice is a statement of the amount of the assessment. Not the amount of losses to be provided for, nor the rate of assessment; but the gross amount levied upon the particular class of policies subject to assessment. We are unable to find anything of that sort in the notice in question. It states the amount of losses to be paid and insufficiency of funds therefor, rendering the making of an assessment necessary; thus clearly indicating that the amount of the assessment was different from the amount of losses waiting for payment. The specified per cent. of assessment 'upon the premium charged' merely referred to the rate of assessment. That did not indicate the amount of the assessment nor furnish means for determining it by computation. So there does not seem to be any escape from the conclusion that a very significant feature of an efficient notice to start time running for payment of the assessment was wholly omitted, rendering the notice insufficient." Page 307.

For the same reasons the motion by which the appellant's directors attempted to levy an assessment on October 1, 1928, and the intended notices to members as to the amount of such assessment and the suspension of respondent's in-

surance, were fatally defective and, consequently, ineffective to terminate or suspend appellant's obligation under the policy or certificate which it had issued to respondent. It follows that judgment must be affirmed, and that there is no necessity for passing upon the other interesting problems discussed in the briefs.

*By the Court.*—Judgment affirmed.