TOMASHEK, Respondent, vs. HARTLAND FARMERS MUTUAL FIRE INSURANCE COMPANY, Appellant.

*September 14—October 10, 1933.*

For the appellant there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter*.

For the respondent there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein*.

FAIRCHILD, J.   The appellant, a duly incorporated town mutual fire insurance company, issued its policy to respondent June 1, 1929, insuring certain property of his against loss by fire for five years conditioned upon the insured complying with certain requirements.   It will be necessary to consider here but one of these, for it is expressly stipulated that the respondent in all things complied with the requirements of the policy so as to be entitled to the insurance claimed by him, "unless the said policy at the time of said fire had lapsed because of the non-payment of an assessment."

Appellant claims that an assessment was made and that due notice thereof was given to respondent, who failed to pay and that the policy consequently lapsed.   Respondent answers that no efficient notice to start the time running for payment of the assessment was ever given him and that the policy is therefore in force.   Appellant's defense against the liability under the policy and its claim that the notice given respondent was an efficient notice is based on a change in the law made after the policy was issued.   When the policy was issued the statute providing for notice to be given of assessments by town mutual companies was sec. 202.11, Stats. 1927, and it provided that:

"When any assessment shall have been completed the secretary shall immediately insert a notice in one or more newspapers printed in the county or counties where such a corporation is doing business, stating therein the time when such assessment was levied and the time when the same becomes due.   Such notice together with the proof of the publication thereof shall be conclusive evidence of notice of such assessment to every member of the corporation.   The secretary shall also notify every such member by letter

or postal card sent to his usual postoffice address, of the amount of such loss, or assessment, and the sum due from him as his share thereof, and the time when and to whom payment thereof is to be made, which time shall not be less than thirty nor more than sixty days from the date of such notice."

The notice mailed in this case fails to comply with the standard set out in the latter part of the above quotation in that it did not state the amount of the assessment. The amendment of this section, referred to and relied on by appellant, occurred in 1931. It was in force at the time the assessment was made but not when the policy was written (sec. 202.11, Stats. 1931); and in sub. (2) of this section it is provided that all the secretary need do by the written notice is to notify every member by mail of the rate per cent. of such assessment and the sum due from him and the time when due. Under this amendment appellant claims that the notice was sufficient, and that because of respondent's failure to meet the assessment appellant would not be justified in paying the loss.

The notice given to the member substantially complies with the requirements of the statute of 1931, but, as pointed out, does not comply with the statute of 1927, which is a part of the insurance contract, for the notice contains no suggestion of the total amount of the assessment. It does tell of the fire losses sustained, but leaves undisclosed whether the amount to be raised covers these losses only or includes other items of expense for which the company may provide by assessment. Sec. 202.11 (1), Stats. 1927; sec. 202.11 (1), Stats. 1931. The obligation to furnish information to the members of the amount of an assessment is binding upon the company and constitutes a right in the member which is of value. That the legislature intended to have information of the amount of the assessment available to the members of town mutuals organized for fire protection appears from the laws of 1927 cited above and also

from the legislation in 1931. The company is required under the laws of 1927 to give this information in the written notice, but is not there required to set it forth in the published notice. Under the 1931 legislation the fact is to be declared in the published notice and is not required to be a part of the written notice. A number of reasons may be set forth showing the advantage to the members of having this information. Its worth to them is founded on the fact that the members' liability depends upon the contingency of fire loss and the incurring of expenses to which the members are liable to contribute. The losses and expenses are the basis of the right to resort to an assessment. A member's liability to pay or to lose the benefits of his policy depends upon the existence of the conditions warranting an assessment. The assessment under proper circumstances may be for the purpose of providing funds to pay losses sustained only, or it may be for that purpose and the additional one of providing for expenses. To permit a levy for an assessment to be made by simply declaring so many mills due on each dollar of outstanding insurance, without reference to or determination of the total sum needed, leaves the member without the information and opens the door for impositions the fairness of which he cannot readily check if the requirement of the statute in that particular is ignored, as it was in the notice before us. A member's interest in this matter extends beyond being merely notified of the amount he is to pay and includes information and an understanding of the total amount to be raised. His interest in the conduct of affairs of his company has been recognized by the law of this state to be of such dignity and character as to require the secretary of the company to advise him of the amount of the assessment, and under the laws in force when this policy was issued, when a failure in this regard exists the condition warranting a forfeiture does not arise. *Breakstone v. Appleton Mut. F. Ins. Co.* 149 Wis. 303, 135 N. W.

853; *Einerson v. Wisconsin Tornado Mut. Ins. Co.* 207 Wis. 318, 241 N. W. 358. The right to this information concerning the amount of the assessment being of value and a subject of contract, the statute in force at the time of the issuing of the policy became a part of it. *Breakstone v. Appleton Mut. F. Ins. Co., supra.* In fact there was printed in the policy the provision of its constitution (art. 9) that "within thirty days after the levying of such assessment the secretary shall notify every member by letter or postal card sent to his usual postoffice address of the amount of such assessment. . . ."

We are of the opinion that the change in the provisions of the law regulating the notice subsequent to the issuing of the policy does not affect this insurance contract. It appearing that the respondent was entitled to written notice informing him of the amount of the assessment, and it being conceded that no written notice containing this information was given him, it follows that the application by the learned trial judge to this case of the doctrine of the *Breakstone* and *Einerson Cases* was correct and that the proper judgment was entered.

*By the Court.*—Judgment affirmed.