Prudential Insurance Company of America, Respondent, vs. Paris Mutual Fire Insurance Company, Appellant.

*October 11—November 7, 1933.*

64

For the appellant there was a brief by *Robert V. Baker, Jr.,* attorney, and *Chris A. Juliani* and *M. E. Baker* of counsel, all of Kenosha, and oral argument by *Robert V. Baker, Jr.*

For the respondent there was a brief by *Schubring, Ryan & Petersen,* and oral argument by *Ralph E. Axley,* all of Madison.

FOWLER, J. The appellant claims that (1) the policy was void for want of consideration and (2) because of the operation of the still; the rider was void because (3) without consideration and (4) because not signed by the president and secretary of the company; (5) the secretary of the insurer had no authority to waive the defense resulting from installation of the still; and (6) the court should have sus-

tained a demurrer to the complaint because it does not state a cause of action.

(1) The claim of want of consideration for the policy is based on the fact that the bond for payment of assessments was not signed by M. Minikel and the want of direct evidence that she authorized her husband to sign for her. While there is no direct evidence that the wife directed or expressly authorized the husband to sign for her, the court inferred that she so authorized him from the fact that the policy was solicited and signed at the residence of herself and husband, in her presence, and with her knowledge, and that she knew of the solicitation of the insurance which was made by the president and secretary of the company in person, that she knew of the purpose of their visit and knew of and participated in the negotiations resulting in the issuance of the policy. We are of opinion that the trial judge's inference was amply justified. The court also found that the retention of the policy and subsequent payment of assessments by M. Minikel constituted a ratification of the husband's act of signing her name. We consider that this conclusion was also warranted.

(2) We are not here concerned whether installation of the still voided the policy as to the owner, as the terms of the mortgage clause of the rider expressly provide that acts of the owner or occupation of the premises for more hazardous purposes shall not invalidate the insurance of the mortgagee.

(3) The promises of the mortgagee to pay premiums (assessments) on demand in case the owner did not do so, to notify the insurer of increased hazards created by occupation of the premises for extra-hazardous purposes known to the mortgagee and to pay the increased rates incident to such hazards upon demand therefor, and the agreement relating to subrogation to the mortgagee's rights under the mortgage in case of payments of loss to the mortgagee and

its agreement to assign its mortgage in case of full payment of the mortgagee, constituted a sufficient consideration for the mortgagee's insurance. The rule that a promise by the obligee of a contract to do a thing of advantage or benefit to the obligor constitutes a sufficient consideration for the obligation of the obligor under the contract is too familiar to require citations to support it.

(4) We are of opinion that the contract of insurance between the insurer and the mortgagee is not an "insurance policy" within the meaning of the provision of the insurer's by-laws that requires its policies to be signed by its president and secretary. The rider covering the mortgagee's insurance is a part of the insurance policy, not the policy itself. The policy consists of the form of policy used when there is no insurance in favor of a mortgagee and the rider effecting the mortgagee's insurance, and the signature of both the president and secretary to the form to which the rider is attached is sufficient to validate the whole insurance covered by the policy and the rider. The company's method of effecting insurance to a mortgagee, when effected at the time of effecting the owner's insurance, is to attach a rider signed by the secretary to the policy effecting the owner's insurance. This is an interpretation or practical construction by the company itself that the provision of its by-laws requiring the president and secretary to sign a policy does not require their signatures to riders to effect insurance to mortgagees. This is in line with the standard statutory form prescribed for registered town mutual companies, sec. 211.07, Stats. Under this statute the policy itself is signed by both president and secretary. Riders are by the terms of the policy expressly made a part thereof. The statutory form of the rider to be attached to the policy to effect insurance to a mortgagee is signed by the secretary only.

(5) It is doubtless true that the secretary of a town mutual insurance company has no authority to waive a de-

fense to any contract of insurance. But we are not here dealing with waiver of a defense. We are dealing with the making of a contract of insurance. The defendant had power to enter into the contract made with the plaintiff mortgagee. The rider effecting the mortgagee's insurance in the instant case is in almost the precise terms and is to the precise effect of the standard form of rider authorized by the statute to be signed by the secretary and attached to policies of registered town mutual companies. The secretary of the company, under the standard form of rider prescribed for registered town mutuals, thus has authority to sign a rider constituting a contract with a mortgagee, and the secretary of the defendant company, by the company's uniform practice and practical construction of its by-law, has like authority. That a rider such as is here involved is a separate and distinct contract is recognized by *Keith v. Royal Ins. Co.* 117 Wis. 531, 538, 94 N. W. 295. The opinion in that case states three methods by which insurance for the protection of a mortgagee is effected, and after stating the first two methods states: . . . "and thirdly, but seldom, a direct contract with the mortgagee, insuring him against loss by fire. To the last of these the owner is no party." The rider here involved is within this third class and is a distinct contract of insurance in and of itself.

(6) It is unnecessary to consider whether the court ruled properly in overruling the demurrer to plaintiff's complaint on this appeal, which is an appeal from the judgment finally entered, not an appeal from the order overruling the demurrer. The defendant answered and went to trial. The defect of the complaint attacked by demurrer was that the complaint showed that the contract of insurance was without sufficient consideration because of the statement that the policy was issued "in consideration of the payment by M. Minikel of the premium of one dollar." If that is a defect it was cured by the proof that the real consideration for the policy was,

as recited in the policy itself, the payment of the dollar and "the execution of an undertaking in the sum of $12,450." The execution of the undertaking having been found as a fact by the court, the complaint, if technically defective, should be considered at this stage of the litigation as amended to conform to the proof.

*By the Court.*—The judgment of the circuit court is affirmed.