BANK OF CASHTON, Respondent, vs. LA CROSSE COUNTY SCANDINAVIAN TOWN MUTUAL INSURANCE COMPANY, Appellant.

*November 8—December 4, 1934.*

514

For the appellant there was a brief by *Hale & Burke* of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondent there was a brief by *Schubert & Stevenson* of La Crosse, and oral argument by *W. H. Stevenson*.

FAIRCHILD, J.   The dispute arises over the interpretation of part of the mortgage clause reading: "That no default of the mortgagor shall affect the mortgagee's right to recover in case of loss hereunder except upon ten days' written notice to the mortgagee of such default." The appellant contends that "default" as there used refers to the non-payment of premiums and does not enlarge the coverage. It appears to be conceded that had the clause been drawn using the words "any act or neglect of the mortgagor" instead of the words "that no default of the mortgagor" shall affect the mortgagee's right, the mortgagee's interest would be fully protected and it would be entitled to recover the insurance stipulated.

The word "default" may properly be used to define a failure in the performance of a contract or in the keeping of an obligation. It is often used to indicate a wrong action in the way of a transgression against stipulation, and, under particular circumstances in given instances, it denotes unwarranted acts or neglects on the part of one bound to do or not to do certain things. If the word "default" as used in the mortgage clause is limited in meaning to the non-payment of premiums, and can be said to have no relation to acts of the owner in increasing the hazard of loss by fire, the appellant's point would be well taken. But the agreement as there expressed goes much beyond the mere limitation of a default in payment of agreed premiums. The accompanying and related parts of the agreement decidedly show an intention on the part of the insurer, in certain instances, to continue the insurance after the owner, in violation of his agreement, has increased the hazard. To do this, of course, the mortgagee must pay "according to the established scale or rates for any

increase of risks not paid for by the assured." It is further agreed on the part of the insurer that an increase in the hazard is not to affect the mortgagee's interest until after it has had ten days' notice of the hazard. We are of the opinion that the word "default" as used in that paragraph is relieved of any limitation restricting its meaning solely to non-payment of assessments. The words "no default of the mortgagor shall affect the mortgagee's right to recover" were intended to and do refer to some act or neglect of the mortgagor set out in the by-laws and in the insurance contract. As suggested by the learned trial judge in his decision filed in the case, by using the word "default" as a substitute for, and as including act or neglect of the mortgagor, the provisions in the third and fifth stipulations in the mortgage clause become logical and consistent with the usual purposes expected to be accomplished by such agreements. The third stipulation requires the mortgagee to notify the insurance company of any increase of hazard which shall come to its knowledge. If the appellant's contention were correct, the third stipulation would have little meaning as the policy would be void as to the mortgagee as well as to the mortgagor "upon any increase of hazard." The fifth stipulation entitles the insurance company to become subrogated to the rights of the mortgagee "whenever the insurance company shall pay any loss to the mortgagee for which no liability exists as to the owner or mortgagor." As interpreted by the appellant, the only contingency under which there would be a right of subrogation would be in case of double insurance where the mortgagor had not received the consent of the insurance company to take out other insurance. In order to make the provisions of the mortgage clause consistent with the purposes declared and sought to be accomplished, and to give full meaning to the language used, the word "default" as used in the first stipulation must be read as including the

words "act or neglect." The contract controlling the rights of the parties on this appeal is made up of the statutes relating to town mutuals and the mortgage clause contained in the policy. *Tomashek v. Hartland Farmers' Mut. Fire Ins. Co.* 212 Wis. 622, 250 N. W. 447. Under recognized rules of interpretation of contracts, where one construction would make a contract unusual and extraordinary while another equally consistent with the language used would make it reasonable, just, and fair, the latter must prevail. A construction which renders meaningless a provision expressed in the contract should be avoided. *Andrew Jergens Co. v. Woodbury, Inc.* (D. C.), 273 Fed. 952.

It is urged by the appellant that a non-registered town mutual insurance company has no statutory authority to insure a distillery, and that the barn ceased to be a risk insurable in such a company when such conversion took place. The insurance company had authority to insure the buildings when the policy was issued. They continued to be used as a barn and silo although the still and gasoline engine were installed. Any conversion into some excepted risk would void the policy as to the mortgagor, but it would not affect the rights of the mortgagee under the mortgage clause until notice thereof was brought home to it. Having determined that the word "default" as used in the mortgage clause in question means "act or neglect," the rights of the mortgagee are controlled by the case of *Prudential Ins. Co. v. Paris Mut. Fire Ins. Co.* 213 Wis. 63, 250 N. W. 851.

*By the Court.*—Judgment affirmed.