WATERSTONE BANK, SSB,
p/k/a Wauwatosa Savings Bank,
Plaintiff-Appellant,

Paul BACHOWSKI, Involuntary-Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 2012AP912. Submitted on briefs January 10, 2013.
—Decided April 24, 2013.*

2013 WI App 60

(Also reported in 832 N.W.2d 152.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Christopher P. Riordan* and *Alan G. B. Kim, Jr.* of *von Briesen & Roper, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert C. Burrell* and *Patryk Silver* of *Borgelt, Powell, Peterson & Frauen, S.C.*, Madison.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J.   In this property insurance dispute, American Family Mutual Insurance Company denied loss payment because its businessowners policy does not cover loss or damage caused by water damage, vandalism or theft if the property is vacant for more than sixty days. Waterstone Bank, SSB (the Bank) argues that the policy's mortgageholder clause entitles it to recover because American Family's denial under the vacancy provision was based on an act of the property owner/named insured, namely, the act of leaving the property vacant. The circuit court entered judgment in favor of American Family, and the Bank appeals. We affirm. American Family denied payment because the loss was not covered; the denial was not based on any act by the named insured violating any term, provision or condition of the policy or otherwise invalidating the policy.

## BACKGROUND

¶ 2.   The material undisputed facts are as follows. In March of 2006, Paul Bachowski obtained a mortgage loan in the amount of $420,000 from the Bank to

purchase two properties in the city of Milwaukee. In 2008, Bachowski obtained insurance coverage from American Family for the two properties with a total limit of $412,000. That same year, Bachowski became aware of damage to both properties, resulting from vandalism, water damage, and theft. A year later, Bachowski made a claim to American Family for his losses on the properties. American Family responded by reserving its right to deny coverage under certain policy provisions, including the vacancy provision, which provides:

**8. Vacancy**
    **a. Description Of Terms**

        **(1)** As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in Paragraphs **(a)** and **(b)** below:

        . . . .

        **(b)** When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

            **(i)** Rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct its customary operations; . . . .

        . . . .

    **b. Vacancy Provisions**

    If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

    **(1)** We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

**(a)** Vandalism;

**(b)** Sprinkler leakage, unless you have protected the system against freezing;

**(c)** Building glass breakage;

**(d)** Water damage;

**(e)** Theft; or

**(f)** Attempted theft.

¶ 3.   While the coverage question was pending, the Bank filed a complaint seeking to recover under the policy's mortgageholder clause, which provides:

**2. Mortgageholders**

. . . .

**b.** We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear.

. . . .

**d.** If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the mortgageholder will still have the right to receive loss payment if the mortgageholder:

**(1)** Pays any premium under this policy at our request if you have failed to do so;

**(2)** Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and

**(3)** Has notified us of any change in ownership, occupancy or substantial change in risk known to the mortgageholder.

217

All of the terms of this policy will then apply directly to the mortgageholder.

¶ 4. The Bank moved for a declaratory judgment, and American Family countered with its own motion for a declaratory judgment. The Bank argued that the named insured's act of (or failure to comply with the policy terms by) leaving the properties vacant entitled the Bank to loss payment under the mortgageholder clause. American Family responded that the Bank could not receive payment through the mortgageholder clause because the vacancy provision does not cover the loss or damage in the first place. The circuit court granted summary judgment to American Family, and the Bank appeals.

## DISCUSSION

██ ██

¶ 5. This case requires us to review a circuit court's grant of summary judgment pursuant to an insurance contract. Summary judgment is granted when there is no genuine issue of material fact and as a matter of law the moving party is entitled to judgment. *Teschendorf v. State Farm Ins. Cos.*, 2006 WI 89, ¶ 9, 293 Wis. 2d 123, 717 N.W.2d 258. The facts of this case are undisputed, and the interpretation of an insurance contract is a matter of law we review de novo. *Ginder v. General Cas. Co. of Wis.*, 2000 WI App 197, ¶ 4, 238 Wis. 2d 506, 617 N.W.2d 857.

██ ██

¶ 6. There are two types of mortgageholder clauses, "simple" and "standard." *Polar Mfg. Co. v. Integrity Mut. Ins. Co.*, 7 Wis. 2d 443, 448–49, 96 N.W.2d 822 (1959). Under a "simple" clause, the bank is merely an appointee of the insurance fund. *Id.* A "standard" mort-

gageholder clause, on the other hand, binds the mortgageholder to the same policy terms as the named insured, but "amounts to an independently enforceable contract which shall not be invalidated by any act or neglect of the mortgagor or owner either before or after the attachment or issuance of the mortgage clause." *Id.* at 449.

¶ 7. The parties agree that the mortgageholder clause at issue is a standard clause, and it is undisputed that the named insured is not entitled to loss payment under the vacancy provision. The Bank argues, however, that the named insured's act of (or failure to comply with the policy terms by) leaving the property vacant for more than sixty days entitles the Bank to coverage under the mortgageholder clause. American Family responds that the excluded vacancy perils (including vandalism, water damage, and theft) are not policy provisions to be obeyed, but risks that were never assumed. We agree.

■

¶ 8. The standard mortgageholder provision protects the mortgageholder when the property owner's act or failure to comply violates a policy obligation or prohibition. *See Bank of Cashton v. La Crosse Cnty. Scandinavian Town Mut. Ins. Co.*, 216 Wis. 513, 257 N.W. 451 (1934). In *Bank of Cashton*, the mortgageholder bank sought insurance coverage after an illicit still installed on the property caused a fire that burned the building. *Id.* at 514–15. The policy provided that "no default of the mortgagor shall affect the mortgagee's right to recover." *Id.* at 516. Equating "default" with the standard mortgageholder "act or neglect" language, the court found the mortgageholder was entitled to payment despite the policyholder's illegal act which voided the policy. *Id.* at 516–18. The court explained:

219

> The word "default" may properly be used to define a failure in the performance of a contract or in the keeping of an obligation. It is often used to indicate a wrong action in the way of a transgression against stipulation, and, under particular circumstances in given instances, it denotes unwarranted acts or neglects on the part of one bound to do or not to do certain things.

*Id.* at 516. Thus, rather than creating coverage for an excluded risk in the first instance, the mortgageholder clause operates to maintain coverage for the mortgageholder when the property owner's acts violate a duty or obligation associated with the insurance contract resulting in violation of or invalidation of the policy. *See Polar Mfg.*, 7 Wis. 2d at 444, 448–50 (even if fraudulent insurance application invalidates insurer's liability to named insured, mortgagee may still be entitled to recover); *see also Iron Horse Auto, Inc. v. Lititz Mut. Ins. Co.*, 156 P.3d 1221, 1229, 1231 (Kan. 2007) (mortgageholder coverage applied where property owner's arson and insurance fraud invalidated policy); *Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 601–02 (Mich. 1992) (lender protected against insurer's defenses based on owner's arson, fraud and false swearing which amounted to material breach of contract); *Fort Hill Fed. Sav. & Loan Ass'n v. South Carolina Farm Bureau Ins. Co.*, 316 S.E.2d 684, 686 (S.C. Ct. App. 1984) (policy viable as to mortgagee despite insured's failure to pay premiums).

■

¶ 9. The standard provision does not create coverage where the risk was never assumed; the policy's initial grant of coverage defines the mortgageholder's potential recovery. For example, in *Avemco Ins. Co. v. Jefferson Bank & Trust Co.*, 613 S.W.2d 436, 438–39 (Mo. Ct. App. 1980), no coverage existed for a bank under a standard mortgageholder clause when the loss

was due to the seizure of an aircraft by a foreign government, because the policy specifically excluded coverage under that scenario. The exclusion "was not a condition, the violation of which would work a forfeiture or void the coverage"; rather, seizure was a risk that was never assumed. *Id.* at 439. Similarly, in *General Motors Acceptance Corp. v. Western Fire Insurance Co.*, 457 S.W.2d 234, 236 (Mo. Ct. App. 1970), the bank could not recover under the standard mortgageholder clause when a certain named person crashed the car, because the policy specifically excluded coverage when that person drove the car. The "state of noncoverage" existed by the terms of the policy, not by an act or neglect of the owner in breaching or violating any term, provision or condition of the insurance policy. Id. at 237. The terms of the policy apply to the mortgageholder, just as they do to the named insured.

> A distinction which is rather important to grasp is that the policy terms are themselves not nullified by a standard mortgage clause. It is, rather, that a new contract containing those provisions is made with the mortgagee personally; and the mortgagee is not bound by the mortgagor's contract which, while it may be identical in language, may be breached by the mortgagor's act. In other words, the indemnity of the mortgagee is not placed at the whim of the debtor, and is subject only to breaches of which the mortgagee is, himself [or herself], guilty.

5A JOHN ALAN APPLEMAN & JEAN APPLEMAN, INSURANCE LAW AND PRACTICE, § 3401, at 292 (West 1970) (footnotes omitted); *Western Leasing, Inc. v. Occidental Fire & Cas. Co. of N.C.*, 521 P.2d 352, 354 (Or. 1974) (the standard mortgage clause does not extend coverage to risks not assumed under the policy).

¶ 10. Here, the noncoverage exists by the terms of the vacancy provision and not by any breach or violation by the property owner. Vacancy is not prohibited by the policy. Quite the opposite: the vacancy provision specifically accounts for the possibility that the buildings might become vacant, but excludes loss or damage caused by various perils, including water damage, vandalism and theft, if the vacancy continues for more than sixty days. As defined in the policy, a building is vacant when less than thirty-one percent of the total space is rented and used. The denial of coverage is based on the condition of the building, and not because of any breach or violation of a policy obligation or prohibition by the property owner.

¶ 11. In conclusion, the loss or damage sustained by reason of vandalism, water damage, or theft was not a covered risk, and the vacancy clause is not a term or condition, the violation of which by the property owner's acts would forfeit or void the policy. The particular loss was not covered in the first place, and the mortgageholder clause does not create coverage for a risk never assumed. As we hold that the bank cannot recover through the policy's standard mortgageholder clause, we do not reach the issue of damages.

*By the Court.*—Judgment affirmed.